Mr. Fred S. Disselkoen, Jr. City Attorney
Mr. James M. Patterson Police Chief City of Ormond Beach Post Office Box 277 Ormond Beach, Florida 32175-0277
Dear Sirs:
You have asked for my opinion on substantially the following question:
When a police officer is involved in a dutyrelated incident, e.g., a shooting, and there are no other witnesses available, does the Law Enforcement Officers' Bill of Rights, s. 112.532, F.S., apply to the initial statement by the officer or may the investigating officer require the involved officer to give a statement at the scene under threat of disciplinary action?
In sum:
An initial statement by a law enforcement officer relating to matters such as the preservation of the crime scene, identification of suspects and witnesses, or a cursory statement necessary for determining the appropriate course of conduct for the law enforcement agency would not be subject to the provisions of s. 112.532, F.S., as these relate to the investigation of the incident. However, any inquiry into the propriety of the officer's conduct by members of his agency "for any reason which could lead to disciplinary action, demotion, or dismissal" would be subject to the safeguards of the Law Enforcement Officers' Bill of Rights.
I have been advised that the administrative procedures for investigating duty-related incidents, such as shootings by police officers, vary from city to city and agency to agency. Because of these differences, no attempt is made to address the appropriateness of any particular agency's approach to such a matter but a general consideration of the issues involved is undertaken herein.
Initially, I would note that the Fifth and Fourteenth Amendments to the United States Constitution prohibit compelled self-incrimination in criminal cases. A public employee may be discharged for insubordination if he or she refuses to testify regarding a matter into which his or her employer may rightfully inquire. However, if the employee chooses to testify, the answers given in such testimony may not be used against him or her in a subsequent criminal proceeding.[1]
Section 112.532, F.S., provides that all law enforcement officers employed by an employing agency[2] shall have certain specified rights and privileges. A "[l]aw enforcement officer" is defined as "any person, other than a chief of police, who is employed full time by any municipality or the state or any political subdivision thereof and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, traffic, or highway laws of this state."[3]
The statute provides that:
Whenever a law enforcement officer . . . is under investigation and subject to interrogation by members of his agency for any reason which could lead to disciplinary action, demotion, or dismissal, such interrogation shall be conducted under the following conditions:
* * *
(f) The law enforcement officer . . . under interrogation shall not be subjected to offensive language or be threatened with transfer, dismissal, or disciplinary action. No promise or reward shall be made as an inducement to answer any questions.[4] (e.s.)
The statute contains no qualifications of or exemptions from the requirement that the rights contained in s. 112.532, F.S., apply to any investigation of a police officer who is subject to interrogation by members of his agency if the investigation could lead to disciplinary action, demotion, or dismissal of the officer. When the controlling law specifies a procedure, that is, in effect, a prohibition against proceeding in any other way.[5]
This office has no authority to modify the meaning of a duly enacted statute.[6]
However, to the extent that the initial statement of a law enforcement officer relates to the investigation of the duty-related incident rather than to the propriety of the officer's conduct, such statement is not within the scope of the Law Enforcement Officers' Bill of Rights. Therefore, a statement relating to the preservation of the crime scene, the identification of suspects and witnesses, or a brief explanation to assist in determining the appropriate course of conduct for the law enforcement agency in the investigation of the incident, would not be subject to s. 112.532, F.S. Each of these matters is relevant to the incident itself rather than focusing on the propriety of the law enforcement officer's actions.
Thus, under any circumstances which could lead to a law enforcement officer's discipline, demotion, or dismissal, when he or she is under investigation and subject to interrogation by members of his or her own agency, such interrogation must be conducted pursuant to s. 112.532, F.S. However, under circumstances which do not involve the possibility of administrative action against a police officer, i.e., initial fact-finding inquiries without the threat of administrative penalties, the officer may be asked to give a statement regarding a duty-related incident without regard to the requirements of s.112.532, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, Uniformed Sanitation Men Association, Inc. v. Commissioner of Sanitation of the City of New York, 392 U.S. 280
(1968); Gardner v. Broderick, 392 U.S. 273 (1968); Garrity v. New Jersey, 385 U.S. 493 (1967). See also, Grabinger v. Conlisk,320 F. Supp. 1213, 1219 (N.D.Ill. 1970), affirmed, 455 F.2d 490 (7th Cir. 1972), noting "that a law enforcement officer is in a peculiar and unusual position of public trust and responsibility, and by virtue thereof, the public body has an important interest in expecting the officer to give frank and honest replies to questions relevant to his fitness to hold public office."
[2] Pursuant to s. 112.531(3), F.S., an "[e]mploying agency" is defined to mean "any municipality or the state or any political subdivision thereof which employs law enforcement officers or correctional officers as defined in this section."
[3] Section 112.531(1), F.S.
[4] Section 112.532(1), F.S.
[5] Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944); Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).